IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-00118-002 |
| | ) | (Civil Action No. 09-00341-CG-N) |
| DARLENE HILL, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On October 28, 2009, the defendant, Darlene Hill, filed a motion to dismiss (doc.

214) her pending motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255

(Doc. 202).  This motion to dismiss is accompanied by an affidavit in which Hill refers to

her § 2255 motion as an "appeal" but attests that her dismissal is done "voluntarily and

without duress" and that she understands that she "cannot refile under this issue and that

this is the end of the appeal." (Doc. 214, Ex. A -Affidavit of Darlene Hill)  In response to

the Court's order (doc. 209), the United States filed a response in opposition to Hill's §

2255 motion on September 22, 2009.  (*See* Doc. 213).  The deadline for Hill's reply to the

United States's position is due on October 28, 2009.  In lieu of that required response,

Hill filed the present motion to dismiss.

Inasmuch as Hill attests that she is voluntarily dismissing her § 2255 motion and

understands that she will be barred from filing any succession § 2255 motion challenging

her conviction and sentence, it is recommended that her motion to dismiss be granted and

that petitioner Hill's § 2255 motion be accordingly dismissed with prejudice.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**Done** this 29th day of October, 2009.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        **Done** this 29th day of October, 2009.

                                        /s/ Katherine P. Nelson
                                        UNITED STATES MAGISTRATE JUDGE